UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LYNNE ROSE, A MINOR, by next friend,
THE CHILDREN'S RIGHTS INITIATIVE, INC.,

                    **Plaintiff,**

          v.                                                5:98-CV-1882
                                                                  (FJS/GHL)

JIM ZILLIOUX, Individually,

                    **Defendant.**
_____

**APPEARANCES**                                          **OF COUNSEL**

**THE CHILDREN'S RIGHTS**            **A. J. BOSMAN, ESQ.**
**INITIATIVE, INC.**
258 Genesee Street, Suite 301
Utica, New York 13502
Attorneys for Plaintiff

**JIM ZILLIOUX**                                        **NO APPEARANCE**
Defendant *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Plaintiff's motion for "an Order directing the entry of a default judgment against JIM ZILLIOUX, Individually and as employee of the New York State Canal Corporation . . . ." *See* Notice of Motion at 1. Specifically, Plaintiff requests that the Court

> find Defendant Jim Zillioux in default in his individual capacity;
> grant a judgment in favor of Plaintiff; grant a hearing to determine
> the amount the Plaintiff is entitled to; the granting of costs,
> disbursements and attorney fees to the Plaintiff; and for such other

and further relief as this Court may deem just and proper.

*See* Affidavit of A. J. Bosman in Support of Motion for Default Judgment dated November 1, 2006 ("Bosman Aff."), at WHEREFORE Clause.

## II. BACKGROUND

On August 1, 2000, Plaintiff filed an amended complaint, asserting eleven causes of action, including § 1983 claims for violations of the First, Fourth, Ninth and Fourteenth Amendments to the United States Constitution, violations of the Fair Labor Standards Act, violations of the New York labor laws, and state-law claims for assault and battery, defamation and negligence. Plaintiff properly served all of the parties except Defendant Zillioux, whom the U.S. Marshals could not locate because he had moved. On December 27, 2001, after finding that Defendant Zillioux was not acting under color of state law, this Court granted the other Defendants' motion for summary judgment and dismissed all of the claims against them. In addition, the Court dismissed the claims against Defendant Zillioux without prejudice because Plaintiff had not served him with the amended complaint.

Plaintiff appealed from this Court's judgment dismissing her § 1983 and state-law claims against Defendant Zillioux, the New York State Thruway Authority, the New York State Canal Corporation, and at least four Canal Corporation employees. On December 2, 2003, the Second Circuit issued a summary order affirming this Court's determination that Defendant Zillioux was not acting under color of state law, that Plaintiff could not hold his supervisors liable for his conduct because she could not satisfy the special-relationship test that the Supreme Court had announced in *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189 (1989), and that

the evidence did not support Plaintiff's claim that a municipal policy or custom caused her injuries. *See Rose v. Zillioux*, No. 02-9417, 2003 WL 22849850 (2d Cir. Dec. 2, 2003). Therefore, the Court of Appeals affirmed this Court's grant of summary judgment as to all of Plaintiff's claims against Defendants other than Defendant Zillioux individually and affirmed this Court's judgment as it related to Defendants other than Defendant Zillioux. *See id.* However, the Court of Appeals found that this Court's *sua sponte* dismissal of Plaintiff's claims against Defendant Zillioux was improper because this Court did not provide her with proper notice of its intent to do so. *See id.* Thus, the Court of Appeals vacated and remanded this Court's judgment to the extent that it dismissed Plaintiff's claims against Defendant Zillioux for failure to serve. *See id.*

On October 6, 2004, Plaintiff requested and the Clerk of the Court entered notice of default against Defendant Zillioux because he had not answered or otherwise responded to Plaintiff's amended complaint, which Plaintiff personally served on him on June 24, 2004. By Order dated October 11, 2006, Magistrate Judge Lowe instructed Plaintiff to move for entry of a default judgment against Defendant Zillioux by November 1, 2006, or the Court would dismiss this action. *See* Dkt. No. 104. In compliance with that Order, Plaintiff filed the current motion for entry of a default judgment against Defendant Zillioux on November 1, 2006. *See* Dkt. No. 105.

### III. DISCUSSION

**A.     Plaintiff's amended complaint**

Although Plaintiff's amended complaint contains eleven causes of action, only four of

those claims relate to Defendant Zillioux: two § 1983 claims, one based upon a claim of false imprisonment and the other based upon a claim of substantive due process, and two state-law claims, one for defamation and the other for assault and battery. The Court will address each of these claims in turn.

**B.     Plaintiff's § 1983 claims against Defendant Zillioux**

Although not entirely clear, based upon the papers that she submitted in support of her motion for entry of a default judgment, it appears that Plaintiff is asking the Court to enter a default judgment against Defendant Zillioux with respect to her § 1983 claims .

In its summary order, the Second Circuit explicitly stated that it "agree[d] with the district court's determination that Zillioux **was not acting under color of state law**, given that Zillioux did not 'exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Rose*, 2003 WL 22849850, at *2 (quotation omitted) (emphasis added). "Under the law of the case doctrine, the district court may not ignore [the appellate court's] earlier decree." *Black v. Lane*, 22 F.3d 1395, 1398 (7th Cir. 1994) (citation and footnote omitted).

One of the elements of a any § 1983 claim is that the defendant acted under color of state law. *See Greenwich Citizens Comm., Inc. v. Counties of Warren & Washington Indus. Dev. Agency*, 77 F.3d 26, 29-30 (2d Cir. 1996) (quotation omitted). Since the Second Circuit affirmed this Court's determination that Defendant Zillioux did **not** act under color of state law, the Court finds that Plaintiff cannot hold him liable on her § 1983 claims even in his individual capacity.

Nonetheless, before it dismisses these claims, the Court will provide Plaintiff with an

opportunity to demonstrate why, under the circumstances of this case, the Court should not adhere to the law-of-the-case doctrine and, if she is able to convince the Court to abandon this well-established principle, to present legal argument to support her claim that Defendant Zillioux was acting under color of state law. *Cf. Black v. Lane*, 22 F.3d 1395, 1398 (7th Cir. 1994) (citation omitted) (holding that it is improper for a court to dismiss a plaintiff's claims at a damages hearing without providing the plaintiff with notice that the court intends to consider the merits of those claims).[1]

### C.   Plaintiff's state-law claims

#### *1. Plaintiff's state-law assault and battery claim*

With respect to Plaintiff's state-law assault and battery claim, there is no doubt that, based upon Defendant Zillioux's criminal conviction upon his guilty plea to the charge of sexual abuse in the second degree, Defendant Zillioux committed assault and battery against Plaintiff. Accordingly, the Court grants Plaintiff's motion for entry of a default judgment against Defendant Zillioux's on her assault and battery claim with regard to the issue of his liability.

#### *2. Plaintiff's state-law defamation claim*

Plaintiff alleges that

> Defendant Zillioux did intentionally and with malice aforethought, slander and defame the Plaintiff when he made and swore to the truth of a statement before the New York State Police on

---

[1] The Court is providing Plaintiff with this opportunity in an abundance of caution because, as noted, it is not clear whether Plaintiff is asking the Court to enter a default judgment against Defendant Zillioux on her § 1983 claims.

> September 13, 1997[;] . . . Defendant Zillioux, knowing the falsity of said statements did intentionally defame the plaintiff when he maliciously stated that the plaintiff is a "manipulator" and otherwise represented that the plaintiff attempted acts of self harm or that she was an initiator or a knowing and voluntary participant in crimes committed against her.

*See* Amended Complaint at ¶¶ 53-54.

"Defamation is the injury to one's reputation, either by written expression (libel) or oral expression (slander)." *Penn Warranty Corp. v. DiGiovanni*, 10 Misc. 3d 998, 1002 (Sup. Ct. N.Y. County 2005) (citation omitted). To set forth a claim of libel or slander, the plaintiff must allege the following elements: "(1) a false and defamatory statement of fact; (2) regarding the plaintiff; (3) which is published to a third party; and which (4) results in injury to plaintiff." *Id.* (citations omitted). Moreover, "CPLR 3016(a) requires that in a defamation action, 'the particular words complained of . . . be set forth in the complaint.' The complaint also must allege the time, place and manner of the false statement and specify to whom it was made[.]" *Dillon v. City of N.Y.*, 261 A.D.2d 34, 38 (1st Dep't 1999) (quotation omitted).

Construing Plaintiff's amended complaint liberally, the Court concludes that she has sufficiently alleged a *prima facie* showing of libel. She has identified the specific words that she claims are libelous: that she was a "manipulator" and that she was either an "initiator" or "knowing and voluntary participant" in the crime of sexual abuse in the second degree. Plaintiff also contends that these statements are false, that Defendant Zillioux made these statement about her, and that Defendant Zillioux published these false statements to a third party, i.e., the New York State Police, on September 13, 1997. Finally, Plaintiff claims that the publication of these statements caused her injury. Accordingly, the Court grants Plaintiff's motion for entry of a

default judgment against Defendant Zillioux's liability on her state-law defamation claim with regard to the issue of his liability.

### D. The need for a hearing on the issue of damages

In her amended complaint, Plaintiff seeks, among other things, $5,000,000 in compensatory damages and $5,000,000 in punitive damages. *See* Amended Complaint at "Relief Demanded."[2]

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Credit Lyonnais Secs (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). Moreover, although

> Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that, in order to determine the amount of damages in the context of a default judgment, "the court may conduct . . . a hearing" . . . [the Second Circuit] ha[s] held that, under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing, as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." . . .

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (internal quotations and citation omitted).

However, the court cannot "just accept [the movant's] statement of the damages [because] [t]his [does] not satisfy the court's obligation to ensure that the damages are appropriate." *Id.*; *see*

---

[2] In her amended complaint, Plaintiff also seeks an award of attorney's fees pursuant to § 1988. Plaintiff would only be eligible for an award of attorney's fees under § 1988 if she were able to prevail on her § 1983 claims against Defendant Zillioux. However, for the reasons stated above, unless Plaintiff can establish that her § 1983 claims remain viable, she is not entitled to an award of attorney's fees pursuant to § 1988.

*also Credit Lyonnais*, 183 F.3d at 154-55 (finding that the allegations in the complaint and the affidavit of the plaintiff's counsel, who did not have personal knowledge of the facts, were insufficient evidence upon which to base an award of damages).

For Plaintiff's convenience and in the interest of conserving judicial resources, the Court instructs Plaintiff to submit affidavits and other documentation to support her claim for damages. If, after reviewing these submissions, the Court finds that there is still insufficient evidence upon which to base an award of damages, the Court will schedule a hearing at that time.

### IV. CONCLUSION

After reviewing the entire file in this matter, Plaintiff's submissions and the relevant law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment against Defendant Zillioux on her state-law claim of assault and batter insofar as it pertains to the issue of liability is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for entry of a default judgment against Defendant Zillioux on her state-law claim of defamation insofar as it pertains to the issue of liability is **GRANTED**; and the Court further

**ORDERS** that Plaintiff shall either inform the Court in writing within ten days of the date of this Order that she does not intend to seek entry of a default judgment against Defendant Zillioux on her § 1983 claims or shall file papers with the Court to support her argument that the rule-of-the-case doctrine does not apply to this case and that Defendant Zillioux was acting under color of state law; and the Court further

**ORDERS** that Plaintiff shall file affidavits and other documentation to support her claim for damages within twenty days of the date of this Order; and the Court further

**ORDERS** that Plaintiff's motion for attorney's fees under § 1988 is **RESERVED** until the Court has an opportunity to review Plaintiff's submissions regarding the continued viability of her § 1983 claims; and the Court further

**ORDERS** that Plaintiff's motion for entry of a default judgment against Defendant Zillioux on her claims insofar as it relates to the issue of damages is **RESERVED** until the Court has an opportunity to review Plaintiff's submissions regarding this issue; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Order and all additional papers that she files with the Court in this action upon Defendant Zillioux at his last known address and shall file an affidavit of service with the Court demonstrating that she has done so.

**IT IS SO ORDERED.**

Dated: January 29, 2007
       Syracuse, New York

                                                  Frederick J. Scullin, Jr.
                                                  Senior United States District Court Judge